No. 22-11020

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

EDWARD T. SAADI,

*Plaintiff-Appellant*,

v.

PIERRE A. MAROUN, *et al.*,

*Defendants-Appellees*.

On Appeal from the United States District Court
for the Middle District of Florida
Case No. 8:07-cv-01976-SCB-JSS

# MOTION FOR CLARIFICATION OF THE OCTOBER 27, 2025 OPINION CERTIFYING QUESTIONS TO THE FLORIDA SUPREME COURT


Edward T. Saadi
970 Windham Court, Suite 7
Boardman, OH 44512
Telephone: (330) 782-1954
Facsimile: (330) 266-7489
Email: EdwardSaadi@aol.com

*Plaintiff-Appellant*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 26.1-2, the undersigned Plaintiff-Appellant Edward T. Saadi certifies that the following listed persons and parties may have an interest in the outcome of this case:

1. Badawi, Sam Y.
2. Badawi Law
3. Bucklew, Hon. Susan
4. Clay, Mandi
5. Cortes, Juliana
6. Maroun, Pierre A.
7. Maroun's International, LLC
8. Saadi, Edward T.
9. Three Thirteen Law, PLLC

Respectfully submitted this 7TH day of November, 2025.

**s/ Edward T. Saadi** .
Edward T. Saadi
*Plaintiff-Appellant*

**MOTION FOR CLARIFICATION OF THE OCTOBER 27, 2025 OPINION CERTIFYING QUESTIONS TO THE FLORIDA SUPREME COURT**

NOW COMES Appellant Edward T. Saadi, and hereby requests clarification of the October 27, 2025 Opinion [D.E. 55] certifying questions to the Florida Supreme Court. In support, Appellant states as follows:

In his July 25, 2025 ***Motion to Certify Questions to the Florida Supreme Court*** [D.E. 24], Appellant sought to certify the following question:

> "*3. Can the 2014 amendments to FLA. STAT. §56.29 be applied retroactively to claims which accrued prior to the amendment?*"

On October 27, 2025, the Court issued an Opinion [D.E. 55] certifying questions to the Florida Supreme Court. In that Opinion, the Court discussed the above proposed question at length. [D.E. 55 at 14-16]. The Court noted that Florida's Fourth DCA and Third DCA "have come to diametrically different conclusions." D.E. 55 at 15-16. The Court also determined that the question is determinative of this case. D.E. 55 at 19-20.

But at the end of the Opinion, in certifying the question to the Florida Supreme Court, the Court modified it slightly:

> "*3. Given the 2014 and 2016 amendments to FLA. STAT. §56.29, can a judgment creditor seek a monetary judgment under §56.29(3)(b) for the life of the judgment, or have those amendments situated that remedy solely within §56.29(9) such that the limitation periods under Fla. Stat. §726.110 apply?*"

Certainly, the question as modified by the Court deserves certification in its own right. But the modification creates uncertainty as to whether the Florida Supreme Court is being asked to address the specific question of whether the amendments to §56.29 can be applied retroactively to claims which accrued prior to the amendments. The lengthy discussion of Appellant's version of the question, combined with the modified language of the certified question, creates ambiguity.

Appellant respectfully requests that the Court clarify whether the Florida Supreme Court is being asked to answer the question of whether the 2014 and 2016 amendments to §56.29 can be applied retroactively to claims which accrued prior to the amendments. Clarity would benefit the Florida Supreme Court's analysis, as well as the parties should this case ultimately be remanded.

The undersigned has consulted opposing counsel via e-mail. Opposing counsel has not yet indicated whether they will object to the relief sought.

WHEREFORE, Appellant Edward T. Saadi prays that this Honorable Court clarify its October 27, 2025 Opinion, as described above.

Respectfully submitted this 7th day of November, 2025.

**s/ Edward T. Saadi** .
Edward T. Saadi
*Plaintiff-Appellant*
970 Windham Ct., Ste. 7
Boardman, OH 44512
Tel: 330-782-1954
Fax: 330-266-7489
EdwardSaadi@aol.com

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

*Check the appropriate box in section 1, and check the box in section 2.*

**1. Type-Volume**

☑ This document complies with the word limit of FRAP 27(d)(2)(A) because, excluding the parts of the document exempted by FRAP 32(f) and N/A, this document contains 166 words.

**or**

☐ This brief complies with the line limit of FRAP [insert Rule citation] because, excluding the parts of the brief exempted by FRAP 32(f) and , this brief uses a monospaced typeface and contains [state the number of] lines of text.

**2. Typeface and Type-Style**

☑ This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

(s) Edward T. Saadi

Attorney for pro-se

Dated: November 7, 2025

CERTIFICATE OF SERVICE

I hereby certify that on November 7th, 2025, I filed the foregoing **Motion for Clarification of the October 27, 2025 Opinion Certifying Questions to the Florida Supreme Court** using the Court's CM/ECF system, which will serve all counsel of record. A copy hereof was also furnished by first-class mail to all persons listed below on November 7th, 2025:

Mandi Clay, Esq.
Three Thirteen Law, PLLC
5408 Bruton Rd.
Plant City, FL 33565

Juliana Velasquez Cortes, Esq.
Three Thirteen Law, PLLC
5408 Bruton Rd.
Plant City, FL 33565

Sam Badawi, Esq.
14505 University Point Place
Tampa, Florida 33613

s/ Edward T. Saadi .
Edward T. Saadi
*Plaintiff-Appellant*